**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**DARRELL TUGGLE, # 60863**                                                    **PETITIONER**

**VERSUS**                                          **CAUSE NO. 3:26cv197-TSL-MTP**

**BURL CAIN and MISSISSIPPI
DEPARTMENT OF CORRECTIONS**                              **RESPONDENTS**

### <u>MEMORANDUM OPINION AND ORDER OF DISMISSAL</u>

This matter is before the court <u>sua sponte</u>.  <u>Pro se</u> petitioner Darrell Tuggle is incarcerated with the Mississippi Department of Corrections.  He filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging the denial of parole eligibility.  He seeks to be considered for parole.  The court has considered and liberally construed the pleadings.  As set forth below, this case is dismissed.

### BACKGROUND

Petitioner is currently housed at the East Mississippi Correctional Facility in Meridian, Mississippi.  He is serving a life sentence after having been convicted of murder in the Circuit Court of Jasper County, Mississippi.  He was sentenced to a life term of imprisonment on June 16, 1995.  Petitioner claims that he is eligible for early release on parole because he was sentenced under a pre-1995 sentencing law in Mississippi and because his sentence was not specifically ordered to be

without parole.  He claims that MDOC is nevertheless denying him parole consideration.

On February 23, 2026, petitioner filed this habeas action, specifically invoking § 2241.  He asks the court to order MDOC to deem him parole eligible and grant him a date on which he will be considered for parole.

**DISCUSSION**

In the court's opinion, habeas corpus is not available for petitioner's claims.  A habeas action is the proper vehicle to seek speedier release from custody.  Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir. 1995).  If a favorable ruling would "automatically entitle [the prisoner] to accelerated release," then the action is one for habeas corpus.  Id.  If not, then the proper vehicle may be a civil rights action.  Id.

Some parole or early release matters must be challenged through a writ of habeas corpus, while others must be pursued in a civil rights action.  The distinction is "between claims that would *merely enhance* eligibility for accelerated release and those that would *create entitlement* to such relief."  Cook v. Tex. Dep't of Crim. Just., 37 F.3d 166, 168 (5th Cir. 1994).  When a prisoner challenges a specific parole hearing or unconstitutional parole rules or procedures, and success "would

automatically entitle the plaintiff to accelerated release," then he must pursue a habeas action.  Id.  If, however, the prisoner challenges unconstitutional parole procedures, and success would not automatically entitle him to release, then he must pursue a civil rights action.  Id.  Thus, a "claim that has an indirect impact on whether a claimant eventually receives parole may still be cognizable under" a civil rights action. Orellana, 65 F.3d at 31.

For example, where a state prisoner claims he is being denied the opportunity to be considered for parole in violation of the Ex Post Facto and Due Process Clauses, 42 U.S.C. § 1983 is the appropriate legal vehicle.  Wilkinson v. Dotson, 544 U.S. 74, 82 (2005).  This is because success would only grant the prisoner a parole hearing.  Id.  Whether or not he receives parole is still up to the parole board.  Id.

Petitioner likewise asks to be considered for parole.  His claim is not cognizable in this habeas action, because success would not automatically entitle him to speedier release. Rather, success would grant him a date for a parole hearing. This claim may be cognizable in a § 1983 civil action.

Rather than construe this as a § 1983 civil action, the court will dismiss it without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, this case is **DISMISSED WITHOUT PREJUDICE.**  A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED,** this the 22nd day of May, 2026.

/s/ Tom S. Lee                    
UNITED STATES DISTRICT JUDGE